# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. 10-CR-20048 |
| **TODD SUTTON,** | ) |
| Defendant. | ) |

## OPINION

On June 9, 2010, Defendant, Todd Sutton, was indicted on one count of possession of 50 grams or more of a mixture and substance containing cocaine base (crack) with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A)(iii). Defendant's jury trial is set for August 29, 2011, with a final pretrial conference scheduled for August 4, 2011, at 9:00 am. Defendant has filed several pretrial motions: Motion for Disclosure of Favorable Evidence (#33), Motion for Disclosure of Impeaching Evidence (#34), Motion for Disclosure of Prior Crimes, Wrongs, or Bad Acts the Government Intends to Introduce at Trial (#35), Motion in Limine to Exclude Prior Convictions (#36), and Motion to Exclude Video Evidence (#38). For the following reasons, all of Defendant's Motions are DENIED.

Motions #33-35: Disclosure of Favorable and Impeaching Evidence and Motion to Disclose Prior Crimes, Wrongs, or Bad Acts the Government Intends to Introduce at Trial

In the motion seeking disclosure of favorable evidence, Defendant asks the government to turn over all evidence in its possession that is favorable to Defendant pursuant to Brady v. Maryland, 373 U.S. 83 (1963). In the motion seeking disclosure of impeaching evidence, Defendant seeks any evidence that may lead to impeachment of a government witness pursuant to United States v. Giglio, 504 U.S. 150 (1972). This court has carefully reviewed Defendant's

requests and the government's Response (#39).  In his Motions (#33, #34), Defendant did not include a statement, required by Rule 16.1(D) of the Local Criminal Rules of the Central District of Illinois, that Defendant's counsel requested a conference with the appropriate Assistant United States Attorney regarding the production of additional discovery and agreement could not be reached concerning the discovery sought.  In its Response (#39), the government stated that, in fact, no such conference was requested by Defendant's counsel even though such a conference is required by Rule 16.1(C) of the Local Criminal Rules.  The government also stated that it is aware of its obligations under Brady, and that it has already provided any potential information of which it is aware to the Defendant, and to the extent the government obtains such information in the future, it will provide it at that time.  Further, the government notes that any Giglio information is often obtained when witnesses are identified and prepared for trial, and in this case such preparation will not begin in earnest until after the Defendant's July 25, 2011 acceptance of responsibility deadline passes.

The court finds the government's Response to be complete and persuasive.  This court accepts the government's arguments and sees no need to repeat the reasoning and analysis contained in the government's Response.  Based upon the government's Response and its lengthy history of compliance with its discovery obligations in cases before this court, this court concludes that both of Defendant's Motions (#33 and #34) must be denied as unnecessary.

Defendant also filed a Motion for Disclosure of Prior Crimes, Wrongs, or Bad Acts the Government Intends to Introduce at Trial (#35), in which he requested "an entry of an order requiring the United States to provide notice of its intention to use evidence of other crimes, acts and wrongs of Defendant, either in its case-in-chief, for impeachment, or in rebuttal..." Defendant wanted to know dates and times, places and persons, statements, documents,

relevance, and notice of any other evidence viewed by the government as "intricately related to the facts of the case." In its Response (#39), the government acknowledges that it intends to use Defendant's conviction for delivery of a controlled substance (Case No. 99-CF-491) in Illinois state court, Kankakee County, during its case-in-chief, in rebuttal, or as impeachment. The government argues that a court order compelling it to disclose is unnecessary, as it has herein disclosed its intention to use the Defendant's prior drug trafficking conviction. Further, to the extent the government becomes aware of any other evidence of other crimes, wrongs, or acts, it will provide reasonable notice advance of trial, or during trial for good cause shown, of the general nature of such evidence in compliance with the explicit requirements of Federal Rule of Evidence 404(b).

The court will address below, in ruling on Defendant's Motion in Limine to Exclude Prior Convictions (#36), about whether or not to let the conviction in. However, as it pertains to this other acts motion, the court again finds the government's Response to be complete and persuasive. This court accepts the government's arguments and sees no need to repeat the reasoning and analysis contained in the government's Response. The government has notified Defendant of its intent to introduce his prior Kankakee County conviction and the court believes the government will give notice if it intends to introduce other prior bad act evidence. Based upon the government's Response and its lengthy history of compliance with its discovery obligations in cases before this court, this court concludes Defendant's Motion (#35) should be denied.

<u>Motion in Limine to Exclude Prior Convictions (#36)</u>

Defendant next filed a Motion in Limine to Exclude Prior Convictions (#36). In this Motion, Defendant notes that he has been convicted of two prior drug offenses. Defendant asks

3

that the court preclude the government from introducing evidence of these convictions at trial. The government has given Defendant notice of its intent to introduce into evidence one of Defendant's prior convictions, a conviction for delivery of a controlled substance in Kankakee County, Illinois (99-CF-491). Defendant argues that any introduction of his prior convictions would be precisely the type of propensity evidence rendered impermissible under Rule 404(b) and any probative value would be based entirely on the assumption that someone who commits a specific act on one occasion is more likely to commit the same act on another. Defendant believes the evidence is far more prejudicial than probative under Rule 404(b) and 403. The government counters that case law allows admission under Rule 404(b) and Rule 609 of the Federal Rules of Evidence.

Rule 404(b) of the Federal Rules of Evidence states:

"**Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial." Fed. R. Evid. 404(b).

Rule 403 of the Federal Rules of Evidence states:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time,

or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant is charged with possession of crack cocaine with intent to distribute, which is a specific intent crime, in that the government must prove beyond a reasonable doubt that Defendant "knowingly" possessed the substance, "knew" it contained a controlled substance, and "intended" to distribute it. Therefore, the Seventh Circuit has held that when a defendant is charged with a specific intent crime, the government may introduce evidence of other acts to prove intent. United States v. Chavis, 429 F.3d 662, 667 (7th Cir. 2005). However, the court has recognized "that the permissible use of prior convictions to prove intent may have the potentially impermissible side effect of allowing the jury to infer propensity." Chavis, 429 F.3d at 667. A four part standard governs the admissibility of this type of evidence under 404(b):

> "(1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show [] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice." Chavis, 429 F.3d at 667, citing United States v. Best, 250 F.3d 1084, 1090-91 (7th Cir. 2001).

1. Evidence must tend to prove knowledge and intent, not simply propensity

A prior conviction must have some additional relevance to qualify as intent evidence. Chavis, 429 F.3d at 668. A theory of the defense that calls into question intent can supply the additional relevance. Chavis, 429 F.3d at 668. In Chavis, the defendant, charged with conspiracy to possess drugs with an intent to distribute, argued that he was an innocent bystander

who was simply in the wrong place at the wrong time, and thus had no intent to distribute drugs. The Seventh Circuit allowed into evidence the defendant's prior conviction for possession of crack with intent to distribute because "[b]y portraying himself as an clueless bystander, Chavis himself gave the prior conviction the requisite relevance to satisfy Rule 404(b)." Chavis, 429 F.3d at 668. The court concluded that "[g]iven the defense theory and the government's obligation to prove specific intent, the district court did not abuse its discretion in determining that the prior conviction went to intent and not propensity." Chavis, 429 F.3d at 668.

The government argues that, since Defendant will likely call into question the government's ability to prove intent and knowledge, the prior conviction is relevant. This court agrees. The proffered conviction relating to Defendant's involvement in the distribution of a controlled substance tends to show that Defendant intended to distribute drugs in this case, was aware of the presence of the substance in the apartment, knew the substance was a controlled substance, and did not act through ignorance, mistake, or accident.

2. The evidence must show that the other act is similar enough and close enough in time to be relevant to the matter in issue.

Defendant has not contested the similarity of the prior conviction and the current charge. He has, however, contested the nine year gap between the conviction date and the date of the current offense (the instant offense conduct occurred in 2010 and conviction on 99-CF-491 was entered in 2000).

The Seventh Circuit has allowed in convictions and records that are years old to show knowledge and intent. See United States v. Chaidez, 919 F.2d 1193, 1202-03 (7th Cir. 1990) (10-year old drug records admissible under Rule 404(b) to show knowledge); United States v. Perkins, 548 F.3d 510, 515 (7th Cir. 2008) (seven-year old conviction admissible under 404(b) to

6

show knowledge and intent); United States v. Kreiser, 15 F.3d 635, 640 (7th Cir. 1994) (seven years is close enough for purposes of Rule 404(b). The Kankakee County conviction is close enough in time to demonstrate that Defendant had the requisite knowledge and intent and satisfies this prong of the 404(b) analysis.

      3. The evidence must be sufficient to support a jury finding that the defendant committed the similar act.

      Defendant does not dispute this section of the 404(b) analysis. Defendant was convicted of the crime in Kankakee County in case 99-CF-491, and there is no evidence the conviction is in doubt or has been overturned.

      4. The probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.

      Defendant does argue that "[a]ny non-propensity-based relevance that the government is able to eke out of Mr. Sutton's convictions is overwhelmed by the unfair prejudice that the defendant will inevitably suffer if this evidence is admitted at trial." Defendant argues the jury will be as likely to convict him for his prior actions as they would be for the charged offense, as the jury will think "once a drug dealer, always a drug dealer," as opposed to a limited viewing of the prior crime to show knowledge and intent.

      As noted by the government, most relevant evidence is, by its very nature, prejudicial. However, evidence is *unfairly* prejudicial only to the extent that it will cause the jury to decide the case on improper grounds. Chavis, 429 F.3d at 668. In Chavis, a case that mirrors the facts of the instant case, the Seventh Circuit found that the danger of unfair prejudice were relatively small. Chavis, 429 F.3d at 668. The district court gave a proper limiting instruction to the jury that the prior conviction could only be used for purposes of assessing the defendant's intent, and

7

the Seventh Circuit presumed the jurors followed that order. Chavis, 429 F.3d at 668-69. Further, the Seventh Circuit found that the prior conviction had a great deal of probative value, as it went directly to an element of the crime, which the defendant himself made an issue by denying any connection to the drugs. Chavis, 429 F.3d at 669.

Likewise here, intent and knowledge are specific elements of the crime charged, and a defendant's prior conviction will be extremely probative and relevant to the government's case in proving, beyond a reasonable doubt, all elements of the offense. It will be necessary to admit evidence of the prior conviction if Defendant, as is expected by the government, challenges the knowledge and intent elements. Further, this court will issue the necessary limiting instruction to assure that the jury only considers the prior conviction for the purpose of assessing Defendant's intent and knowledge, not propensity. Therefore, having satisfied all the necessary prongs, the court will allow in Defendant's prior conviction in Kankakee County case number 99-CF-491, for the purposes of showing intent and knowledge, in the government's case-in-chief and rebuttal.

<u>Impeachment and Federal Rule of Evidence 609</u>

Although not addressed by Defendant, the government has given notice of its intent to use 99-CF-491 for impeachment purposes should Defendant elect to testify. Under Federal Rule of Evidence 609(a):

"evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused..." Fed. R. Evid. 609(a)(1).

99-CF-491 is a crime punishable by more than one year imprisonment and Defendant was released from confinement imposed for the conviction nine years before the offense conduct

in the crime charged (Defendant was released from parole in 99-CF-491 on June 4, 2001, the offense conduct in the instant case occurred May 2, 2010). However, the conviction may still be kept out for impeachment purposes if the court determines the prejudicial effect to Defendant outweighs its probative value. The Seventh Circuit has implemented a five factor test to determine whether a probative value outweighs prejudicial effect under Rule 609: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witnesses' subsequent history; (3) the similarity between the past crime and the crime charged; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. United States v Montgomery, 390 F.3d 1013, 1015 (7th Cir. 2004).

As to the first factor, although the prior crime is not explicitly a crime of dishonesty, the Seventh Circuit has allowed in a conviction for possession of a controlled substance with intent to deliver as probative of credibility. See United States v. Gant, 396 F.3d 906, 909 (7th Cir. 2005). While the conviction was nine years ago, since that conviction, according to the government, Defendant's subsequent history includes convictions for resisting a police officer and driving while revoked, resulting in jail time. There is also similarity between the past crime and the crime charged, but the court may issue a limiting instruction. The court agrees with the government that the fourth and fifth factors are of prime importance in this situation. The government anticipates that Defendant's testimony will conflict with that of the government's witnesses, making Defendant's credibility central to the case. As Defendant's testimony and credibility will be of great importance, the court believes 99-CF-491 may be used as impeachment evidence should Defendant elect to testify. See United States v. Rein, 848 F.2d 777, 781-783 (7th Cir. 1988) (despite the similarity between the prior conviction and the current offense, and the fact that the prior conviction was nine and a half years old, the district court

properly admitted the prior conviction for impeachment purposes where a limiting instruction was given to the jury and Defendant's credibility and testimony were a central issue). Therefore, Defendant's Motion in Limine to Exclude Prior Convictions (#36) is denied.

Motion to Exclude Video Evidence (#38)

Defendant has also filed a Motion to Exclude Video Evidence (#38). Defendant seeks to keep out of evidence a video recovered on a computer in the residence that depicts Defendant "wrestling with an unknown black male in the living room of the apartment." Defendant contends that (1) the video has not been disclosed to the defense and Defendant has not had an opportunity to examine its contents and (2) the video was obtained "illegally" since it was retrieved outside the bounds of the search warrant, which did not authorize a computer search. The government filed a Response (#41), in which it argues (1) defense counsel never requested to inspect or copy the video or computer, which is currently in police[1] custody and, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the government will make the video or computer available to Defendant to inspect and copy; and (2) the computer search was inside the scope of the original search warrant for the apartment.

First, the court agrees with the government as to Defendant's discovery argument. The government has indicated that it will freely make available to Defendant at his request the video for him to inspect and copy. The court agrees that Defendant's failure to request to inspect or copy the video or computer is not grounds to exclude the video or any other information on the computer from trial. Defendant's motion is denied as to that ground.

Next, the court will consider the more substantial ground that the search of the computer

---

[1] More specifically the custody of the Kankakee Area Metropolitan Enforcement Group (KAMEG), a specialized Kankakee County drug enforcement taskforce.

and viewing of the video was outside the scope of the original search warrant. The facts, taken as they are from the police report of Defendant's arrest and apartment search included as Exhibit 1 to Defendant's motion, are as follows:

On May 2, 2010, KAMEG agents conducted a search warrant issued by a Kankakee County Circuit Judge for 1525 West Station Street, Apartment 1W, Kankakee, Illinois. At 1:00 pm agents initiated surveillance of the residence in anticipation of executing the search warrant. Defendant was arrested as he approached the residence in a car. Defendant told the police "I don't live here." Upon searching Defendant the police located a key and used it to enter the residence, after knocking on the door and announcing their intent to search. Following a security sweep, Defendant was placed in the living room on a couch. Police located a clear plastic bag containing suspected crack cocaine along with a digital scale on a closet shelf. A cabinet by the kitchen sink was searched and a digital scale, glass measuring cup and other materials containing cocaine residue were located. A handwritten letter referring to Defendant by nickname was found on a kitchen table. Upon searching the living room, police found an "EMachines Computer." Upon "checking the computer for documents pertaining to illicit drug sales, lists of customers or drug sources," police found a video of Defendant "wrestling with an unknown black male in the living room of 1525 W. Station St. (Apt. #1W)." The computer was subsequently confiscated to obtain a search warrant to retrieve the video and obtain additional information pertaining to the investigation.

The search warrant for the apartment authorized the seizure of "Cocaine, firearms, United States Currency, electronic communication devices, telephones, cellular telephones, pagers and personal electronic notebooks, drug paraphernalia, scales, items commonly used in he preparation for sale, distribution, packaging, possession, and use of illicit drugs, records, books,

11

receipts, lists of customers and drug sources, records of drug debts, records relating to illicit drug transactions, records of bank and financial accounts and holdings, canceled checks, State and Federal tax preparation documents and returns, certificates of deposit, financial institution safety deposit box keys, notes and jottings documenting purchases and/or deliveries of drugs, and other such documents, either written or electronic, valuables and assets which are often exchanged for drugs, currency, jewelry, precious metals, stolen property, financial and monetary instruments, safety deposit box keys, items and documents tending to show identification and residency, cancelled United States mail, driver's license, government issued personal identification documents, invoices, receipts or bills."

Defendant alleges the video should be excluded because the warrant did not authorize a computer search, and thus was obtained illegally. Defendant claims that "[a]llowing the admission of this video or any of the other computer data at trial would be an implicit endorsement of law enforcement officials overstepping the bounds of search warrants and would substantially prejudice a defendant who has not been afforded the opportunity to review the evidence against him."

The government argues that the face of the warrant, commanding officers to search for electronic documents relating to illicit drug trafficking, covered a search of the computer. The court agrees. "The Fourth Amendment requires that a warrant describe the things to be seized with sufficient particularity to prevent a general exploratory rummaging through one's belongings. The description of the items to be seized limits the scope of the search to the area where those items are likely to be discovered." United States v. Mann, 592 F.3d 779, 782 (7th Cir. 2010). The question then, is whether in light of the limitations in the warrant, the execution of the search warrant was reasonable. Mann, 592 F.3d at 782.

It is reasonable to suspect that a computer could contain electronic documents relating to the purchase or delivery of drugs, as covered in the warrant. Further, a computer could contain electronic records of residency. The warrant expressly authorizes a search for "documents tending to show identification and residency" and it is reasonable for a police officer to suspect that a computer would contain just such a document or record, even though the warrant itself did not explicitly list computers. Further, in an abundance of caution, the police sought an additional warrant to fully search the computer after it was seized and removed from the apartment. The court would also note Defendant did not point to any case law supporting his argument that the computer search exceeded the scope of the warrant. Therefore, Defendant's Motion to Exclude Video Evidence (#38) is DENIED.

IT IS THEREFORE ORDERED:

(1) Defendant's Motion for Disclosure of Favorable Evidence (#33), Motion for Disclosure of Impeaching Evidence (#34), Motion for Disclosure of Prior Crimes, Wrongs, or Bad Acts the Government Intends to Introduce at Trial (#35) are DENIED.

(2) Defendant's Motion in Limine to Exclude Prior Convictions (#36) is DENIED. The government may introduce evidence of Defendant's prior conviction in Kankakee County Case No. 99-CF-491 for impeachment purposes should Defendant take the stand, and in its case-in-chief and rebuttal for purposes of showing intent, knowledge, or motive, but not propensity.

(3) Defendant's Motion to Exclude Video Evidence (#38) is DENIED.

(4) This case remains set for a final pretrial conference on Thursday, August 4, 2011, at 9:00 in Courtroom A, with jury selection scheduled to begin Monday, August 29, 2011, at 9:00 am in Courtroom A.

ENTERED this 8th day of July, 2011

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE